


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

PRO SE OFFICE
Room 230

RUBY J. KRAJICK
Clerk of Court

**Instructions for Filing**
**Petition for a Writ of *Habeas Corpus* under**
**28 U.S.C. § 2254**

1. **Who should use this form:** You should use this form if you are in custody (such as in prison or subject to supervised release) based on a state court conviction and you are challenging your state court conviction or sentence because it violates federal law, such as the United States Constitution. You must first present to the state court your arguments that your conviction violates federal law, either on direct appeal or in an application outside the appeal process. You must include in your federal § 2254 petition all grounds for relief and facts supporting such grounds and indicate that each ground was already presented to the state court. If you were convicted in Bronx, Dutchess, New York (Manhattan), Orange, Putman, Rockland, Sullivan or Westchester counties, then the Southern District of New York is the proper district to file a § 2254 petition.

2. **Who should *not* use this form:** If you want to challenge the validity of a federal court judgment of conviction and sentence, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered that judgment. If you want to challenge your immigration detention or other immigration related issues, you should use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

3. **Caption:** The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4. **Signature:** The petition must be signed with a pen.

5. **Fee:** The filing fee for a *habeas* petition brought under 28 U.S.C. § 2254 is $5. If you cannot afford to pay this fee, you can request that the Court waive the fee by submitting a Request to Proceed *In Forma Pauperis*.

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Southern District of New York |
|---|---|
| Name (under which you were convicted): Darrin McGhee | Docket or Case No.: |
| Place of Confinement : Robert N. Davoren Complex | Prisoner No.: 8952000101 |
| Petitioner (include the name under which you were convicted) Darrin McGhee v. | Respondent (authorized person having custody of petitioner) Anthony J. Annucci, Sharlisa Walker |
| The Attorney General of the State of New York | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

,

(b) Criminal docket or case number (if you know): Indictment 06041/2011; 2556/2012

2. (a) Date of the judgment of conviction (if you know): 5/15/2015

(b) Date of sentencing: 7/7/2015

3. Length of sentence: 25 years to life, concurrent with sentence of 16 years to life

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

1. Second-degree murder under Penal Law Section 125.25(1)
2. Second-degree crimnal weapon possession under Penal Law Section 265.03(3).

6. (a) What was your plea? (Check one)

☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: New York Appellate Division, First Department

(b) Docket or case number (if you know): 10089, 10089A

(c) Result: Granted direct appeal, reversed denial of C.P.L. 440 motion and granted new trial.

(d) Date of result (if you know): 12/19/2019

(e) Citation to the case (if you know): 180 A.D.3d 26, 116 N.Y.S.3d 206, 2019 N.Y. Slip Op. 09116

(f) Grounds raised:

1. The prosecution violated Mr. McGhee's constitutional rights under Brady v. Maryland, 373 U.S. 83 (1963), by concealing, until after trial, a "very observant" eyewitness's exculpatory statement.
2. The prosecution's star witness first identified Mr. McGhee on surveillance footage after the police told her to watch for someone wearing "all brown," the color McGhee was wearing in the video. The witness's pre-trial identifications should have been suppressed.
3. The court erred in admitting, as an "excited utterance," the star eyewitness's hearsay statement that Mr. McGhee was the shooter, which she made about 11 hours after the shooting while watching surveillance footage of Mr. McGhee walking down the street.

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: New York Supreme Court, New York County, Part 71

(2) Docket or case number (if you know): Ind. No. 6041/2011

(3) Date of filing (if you know): 9/5/2017

(4) Nature of the proceeding: Motion under N.Y. C.P.L. Section 440

(5) Grounds raised:

1. The prosecution violated Brady v. Maryland by concealing an eyewitness and his exculpatory statement.

2. The prosecution violated Mr. McGhee's right to compulstory process.

3. The prosecution and the police committed misconduct that violated Mr. McGhee's due process rights.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: Denied motion under N.Y. C.P.L. § 440.

(8) Date of result (if you know): 4/23/2018

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: New York Court of Appeals

(2) Docket or case number (if you know):

(3) Date of filing (if you know): 5/19/2021

(4) Nature of the proceeding: N.Y. C.P.L. §§ 460.20 and 470.60(3) motion for leave to appeal

(5) Grounds raised:

The People moved the Court of Appeals for leave to appeal the Appellate Division's December 19, 2019 decision, and the Court of Appeals granted leave and reversed the Appellate Division's decision, remanding for further proceedings. The Appellate Division denied the § 440 motion and direct appeal on remittitur. Mr. McGhee moved the Court of Appeals for leave to appeal, requesting review of all federal and state constiututional issues presented to the Appellate Division, including:

1. Whether the prosecution violated Mr. McGhee's right to compulsory prcess under U.S. Constitution Amendment VI and N.Y. Constitution Article I § 6;
2. Whether the prosecutor in Mr. McGhee's case committed misconduct under U.S. Constitution Amendment XIV and N.Y. Constitution Article 1 § 6;
3. Whether the hearing court properly denied suppression of Nicole Davis's identification of Mr. McGhee; and
4. Whether the individual or cumulative effect of these errors, including the Brady violation under U.S. Constitution Amendment XIV and N.Y. Constitution Article I § 6, were harmful so

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: Denied leave to appeal conviction and denial of § 440 motion.

(8) Date of result (if you know): 7/8/2021

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ❒ No

(2) Second petition: ☑ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

The Court of Appeals' decision finding that the undisclosed eyewitness statement was not material contravened and unreasonably applied clearly established Supreme Court precedent and violated Brady v. Maryland.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See accompanying Declaration of Lauren Potter and Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion under N.Y. C.P.L. § 440

Name and location of the court where the motion or petition was filed:
New York Supreme Court, New York County, Part 71

Docket or case number (if you know): 6041/2011

Date of the court's decision: 4/23/2018

Result (attach a copy of the court's opinion or order, if available):
Denied. See App. 159-160.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

New York Appellate Division, First Department

Docket or case number (if you know): 10089, 10089A

Date of the court's decision: 12/19/2019

Result (attach a copy of the court's opinion or order, if available):

Granted direct appeal, reversed denial of N.Y. C.P.L. § 440 motion, reversed judgment of conviction, and remanded for new trial. See App. 317-326.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

The New York Court of Appeals reversed the Appellate Division, First Department's decision vacating Mr. McGhee's conviction and granting his § 440 motion. The Appellate Division accordingly denied Mr. McGhee's appeal and § 440 motion on remittitur. Mr. McGhee then moved for leave to appeal to the Court of Appeals under N.Y. C.P.L §§ 460.20 and 470.60(3). See App. 376-77. Leave was denied on July 8, 2021. See App. 382.

**GROUND TWO:**

The Court of Appeals' affirmance of the trial court's decision to admit Nicole Davis's pre-trial identifications and excited utterance was an unreasonable application of clearly established Supreme Court precedent.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See accompanying Declaration of Lauren Potter and Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion under N.Y. C.P.L. § 440.

Name and location of the court where the motion or petition was filed:
New York Supreme Court, New York County, Part 71

Docket or case number (if you know): 6041/2011

Date of the court's decision: 4/23/2018

Result (attach a copy of the court's opinion or order, if available):
Denied. See App. 159-160.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
New York Appellate Division, First Department. McGhee appealed the trial court's rulings, including its admission of Davis's identification and her hearsay statement as an excited utterance.

Docket or case number (if you know): 10089, 10089A

Date of the court's decision: 12/19/2019

Result (attach a copy of the court's opinion or order, if available):

Granted direct appeal, reversed denial of N.Y. C.P.L. § 440 motion, reversed judgment of conviction, and remanded for new trial. See App. 317-326.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

The New York Court of Appeals reversed the Appellate Division, First Department's decision vacating McGhee's conviction and granting his § 440 motion. The Appellate Division accordingly denied Mr. McGhee's appeal and § 440 motion on remittitur. Mr. McGhee then moved for leave to appeal to the Court of Appeals under N.Y. C.P.L §§ 460.20 and 470.60(3). See App. 376-77. Leave was denied on July 8, 2021. See App. 382.

**GROUND THREE:**

Cumulatively, the errors at Mr. McGhee's trial require that this Petition be granted.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See accompanying Declaration of Lauren Potter and Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion under N.Y. C.P.L. § 440

Name and location of the court where the motion or petition was filed:
New York Supreme Court, New York County, Part 71

Docket or case number (if you know): Indictment 06041/2011

Date of the court's decision: 4/23/2018

Result (attach a copy of the court's opinion or order, if available):
Denied. See App. 159-160.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
New York Appellate Division, First Department

Docket or case number (if you know): 10089, 10089A

Date of the court's decision: 12/19/2019

Result (attach a copy of the court's opinion or order, if available):
Granted direct appeal, reversed denial of N.Y. C.P.L. § 440 motion, reversed judgment of conviction, and remanded for new trial. See App. 317-326.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

The New York Court of Appeals reversed the Appellate Division, First Department's decision granting Mr. McGhee's appeal and § 440 motion. The Appellate Division denied Mr. McGhee's appeal and § 440 motion on remittitur. Mr. McGhee then moved for leave to appeal to the Court of Appeals under N.Y. C.P.L §§ 460.20 and 470.60(3), including on cumulative error grounds. See App. 376-77.

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ❒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ❒ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❒ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:
Richard Siracusa, 299 Broadway STE 712, New York, NY 10007

(d) At sentencing:
Richard Siracusa, 299 Broadway STE 712, New York, NY 10007

(e) On appeal:
Robert S. Dean, Benjamin Schatz, Center for Appellate Litigation, 120 Wall Street, 28th Floor, New York, NY 10005

(f) In any post-conviction proceeding:
Robert S. Dean, Benjamin Schatz, Center for Appellate Litigation, 120 Wall Street, 28th Floor, New York, NY 10005

(g) On appeal from any ruling against you in a post-conviction proceeding:
Robert S. Dean, Benjamin Schatz, Center for Appellate Litigation, 120 Wall Street, 28th Floor, New York, NY 10005

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ❒ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ❒ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

The petitioner asks that the Petition for Habeas Corpus be granted and that this Court issue the writ of habeas corpus.

or any other relief to which petitioner may be entitled.

/s/ Lauren Schorr Potter

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 7/7/2022 (month, date, year).

Executed (signed) on 7/7/2022 (date).

/s/ Lauren Schorr Potter

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Lauren Schorr Potter, attorney to petitioner. Petitioner is incarcerated and unavailable to sign the petition.

Print Save As... Export as FDF Retrieve FDF File Reset